IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBRA K. BRAUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2233-SMY |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Debra K. Braun seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 405(g) (Doc. 1). That decision denied Braun's claim for social security benefits. Now pending before the Court is Braun's motion for leave to proceed *in forma pauperis* ("IFP"), without prepaying the filing fee (Doc. 2).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the complaint filed by an indigent plaintiff and dismiss the complaint, if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While § 1915 generally applies to *pro se* litigants, SDIL Local Rule 3.1(c)(1) contemplates that pauper status may be granted to an applicant who is represented by an attorney, as in this case.

Braun has submitted the requisite affidavit (Doc. 2) indicating that she is currently unemployed. Her income consists of $798 from social security (though she does not explain how she receives this money after being found not disabled) and $264 per month in food stamps. Braun's monthly expenses appear to almost exceed her income and she states that she is behind on paying her utilities. Based on this information, the Court is satisfied that Braun is indigent within the meaning of § 1915(a)(1) and the $400.00 filing fee would present a significant hardship on him. Further, the Court does not find the claims asserted in the Complaint to be frivolous. Accordingly, the Court **GRANTS** the Motion to Proceed *in forma pauperis* without prepayment of fees or costs (Doc. 2).

Typically, after granting pauper status, the Court would direct the Clerk's Office to prepare and issue summons for the named defendant. However, Braun is represented by counsel: Howard Olinsky of Syracuse, New York. Therefore, the Court leaves to Counsel the responsibility of accomplishing service of process. If Mr. Olinksy believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(3) requires the United States Marshal to serve process in this case, he should immediately file a motion with the Court.

**IT IS SO ORDERED.**

**DATED:  October 14, 2022**

**STACI M. YANDLE**
**United States District Judge**